FILED
 2005 Jun-30 PM 04:09
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| AUGUSTO DIAS MOREIRA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-B-1086-M |
| | ) |
| JOHN ASHCROFT, ET AL., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OF OPINION

On May 25, 2004, Augusto Dias Moreira filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging both his detention and his removal. Moreira further requested stay of deportation. In his petition, Moreira states that his removal order became administratively final in August 2003, that his custody status has not been reviewed, and that he has been held in indefinite detention for over the six months presumptively reasonable detention period in violation of *Zadvydas*. He further states that his removal is not reasonably foreseeable because the Cape-Verde authorities have refused to issue a travel document for his removal to Cape-Verde because he does not have any family ties in Cape-Verde.

An Order to Show Cause was entered which required respondents to appear and show cause why the relief requested by petitioner should not be granted. Respondents have filed an Answer and exhibits. The Court entered an Order advising petitioner that respondents' Answer would be considered as a motion for summary judgment. The Order afforded petitioner an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

Based on the pleadings and exhibits of the parties as well as the docket sheet obtained from the United States District Court for the Western District of Louisiana, the court has been able to determine the following additional facts which are pertinent to the detention issue.

On February 23, 2003, an Immigration Judge in the Immigration Court, Oakdale Louisiana found Moreira to be removable based on convictions for the offense of malicious damage to a motor vehicle and larceny of a motor vehicle. (Doc. #22, exhibit H). The Board of Immigration Appeals dismissed his appeal on August 20, 2003, denied the motion for reconsideration on November 6, 2003, and denied the motion to reopen and reconsider on February 26, 2004. (Doc. #22, exhibit I, J, K)

On August 8, 2003, prior to the appeal decision of the Board of Immigration Appeals, Moreira filed a habeas petition in the District Court of Connecticut together with a Motion to Stay Deportation. (Doc. # 22, exhibit E). On October 9, 2003, the District Court of Connecticut stayed deportation. On February 12, 2004, the district court entered an order transferring the petition to the Western District of Louisiana. On February 27, 2004, Moreira appealed from the transfer order. On May 6, 2004, the Second Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because the transfer order was not a final order within the meaning of 28 U.S.C. § 1291. The mandate issued on June 23, 2004.

Respondents asserted in the November 5, 2004 response that they were unable to locate the case in the Western District of Louisiana. Moreira's position has consistently been that he has no action pending in the Western District of Louisiana. (Doc. # 18). However, Moreira submitted a copy of a letter to the Clerk of the Court for the Western District of Louisiana dated August 25, 2004 requesting that the habeas petition be withdrawn from the docket of the Western District of Louisiana. (Doc. #18, exhibit 1). Subsequently, Moreira received his letter back from the Western District of Louisiana with the undated notation "Mr. Moreira, We never received the transfer, so we are returning this to you. Thank

you, N. Lundy." (Doc. #25, exhibit 1). When preparing this Memorandum of Opinion, the Court contacted the clerk's office for the United States District Court for the Western District of Louisiana and was provided with a docket sheet of Moreira's action in that court. (Court's Exhibit #1). On April 4, 2005, the habeas petition was filed pursuant to the transfer order in the Western District of Louisiana and was docketed as 05-CV-588-DDD-JDK, *Moreira v. Ashcroft*. The docket sheet reflects that the petition remains pending in the Western District of Louisiana and that mail sent to Moreira had been returned from his Concordia Parish Correction Facility address. The Western District of Louisiana has taken no action to lift the deportation stay.

>    Moreira argues:

> > Subsequent to his appeal however, he was transferred from the jurisdiction of the Western District of Louisiana to Etowah County Detention Center which is within the territorial jurisdiction of this Court. Thus, implicitly the Connecticut's order transferring Moreira's case to Louisiana [because he was then detained there] translates to an Order of transfer to this court, since Petitioner was no longer detained in Louisiana by the time the appeal of his transfer Order was decided by the Second Circuit. Thus, this Court should simply assume jurisdiction over this matter.

(doc. #18, p. 4). Contrary to Moreira's understanding, there is no such procedural or administrative "implicit transfer." Petitioner now has TWO cases (that this court is aware of) pending challenging both his detention and deportation.

In *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit Court of Appeals affirmed the district court's dismissal of the § 2241 petition because the *Zadvydas* six month period had not expired at the time that Akinwale filed his § 2241 petition and because Akinwale had made no

3

showing that there was no significant likelihood of removal in the reasonably foreseeable future.  The court further noted:

> In addition to the above deficiencies in his § 2241 petition, Akinwale was taken into custody on November 17, 1999, and interrupted the running of time under *Zadvydas* by moving on December 3, 1999, for a stay of deportation in his prior appeal to this Court.  The stay was granted on January 10, 2000. *See Akinwale v. Reno*, 216 F.3d 1273 (11th Cir. 2000).  Akinwale subsequently filed the § 2241 petition in this case on March 21, 2000.  Thus, Akinwale, unlike the aliens in *Zadvydas*, chose to simultaneously challenge issues related to his removal order and his post-removal period detention.  *See* 8 U.S.C. § 1231(a)(1)(C)(1999)(stating "removal period shall be extended ... if the alien ... acts to prevent the alien's removal subject to an order of removal.")  Therefore, Akinwale did not have even an unencumbered month of detention prior to filing his § 2241 petition, let alone the requisite six months.

287 F.3d 1052-53.

Likewise, Moreira has interrupted the running of the detention period under *Zadvydas*.  He has had no unencumbered months of detention prior to filing the § 2241 petition in this court.  Moreira filed his habeas action in the District Court of Connecticut prior to the Board of Immigration Appeals' dismissal of his appeal.  Despite his habeas action, Moreira continued to file motions in the Board of Immigration Appeals.  Moreira filed the habeas petition that is before this court immediately after the Second Circuit's dismissal of his appeal from the transfer order and prior to the issuance of the mandate.

Moreira has failed to demonstrate that any portion of the *Zadvydas* six month period had expired at the time that he filed his § 2241 petition here.  Further, the motion to stay which is still in effect in the

Western District of Louisiana will continue to toll the *Zadvydas* six month period.[1] The Court concludes that this action is due to be dismissed without prejudice as premature with respect to the detention issue.

On June 2, 2005, respondents filed a motion to transfer the deportability claim to the United States Court of Appeals for the Fifth Circuit in accordance with Title I, § 106(c) of the Real ID Act of 2005. The Real ID Act of 2005 became effective on May 11, 2005, the date of enactment, and applies to "cases in which the final administrative order of removal, deportation, or exclusion was issued before, on or after the date of enactment of this division." § 106(b). Section 106 of the Real ID Act of 2005 requires this court to transfer this case challenging an order of removal to the circuit in which a petition for review could have been properly filed under 8 U.S.C. § 1252. 8 U.S.C. § 1252(b)(2) states "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Because Moreira was ordered removed by an Immigration Judge in Oakdale, Louisiana, the petition for review should be filed with the Fifth Circuit Court of Appeals.

The Court concludes that this the deportability claim is due to be transferred to the Fifth Circuit Court Appeals in accordance with the Real ID Act of 2005.

A separate Order consistent with the memorandum of opinion will be entered simultaneously herewith.

\

---

[1] Further, the court is not satisfied that Moreira has made a showing that there is no significant likelihood of removal in the reasonably foreseeable future. Although Moreira alleges that embassy officials told him that Cape-Verde would not accept him because he did not have family ties there, he does not dispute that the embassy officials for Cape-Verde advised Dean Holt, Deportation Officer, that the travel document would not be issued until the court cases were resolved. (Doc. #1, exhibit C). This court need not address this second prong of *Zadvydas* as petitioner has failed to satisfy the first prong.

As to the foregoing it is **SO ORDERED** this the 30th day of June, 2005.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE